UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NICOLE GALLOWAY, | ) | Case No. CV 11-896-SVW (PJWx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITHOUT PREJUDICE FOR LACK OF |
| VOLKSWAGEN GROUP OF AMERICA, INC. | ) | SUBJECT MATTER JURISDICTION |
| | ) | |
| Defendant. | ) | JS6 |
| | ) | |

**I.   INTRODUCTION**

On January 28, 2011, Plaintiff Nicole Galloway filed this suit. The thrust of Plaintiff's suit is that Defendant violated the Song-Beverly Consumer Warranty Act by failing to repair a nonconformity in her vehicle's brakes after Plaintiff had made a reasonable number of attempts to seek repairs or replacement under the warranty. (Compl. ¶ 9-12). Among other things, Plaintiff seeks damages including but not limited to her down payment ($4,800.00) and her payments to date ($4,049.28). Plaintiff also seeks rescission of the contract, attorney's fees, costs, a civil penalty up to two times the amount of actual damages, and incidental damages such as for her vehicle lien payoff and vehicle registration fees. (Compl. at 4).

Plaintiff has asserted diversity jurisdiction but has failed to adequately allege that the amount in controversy exceeds $75,000, which is required. As a result, this Court lacks subject matter jurisdiction.

**II.   DISCUSSION**

The Court has a continuing duty to consider subject matter jurisdiction in every case, whether raised by the parties or not. Spencer Enters., Inc. v. United States, 345 F.3d 683, 687 (9th Cir. 2003); Attorneys Trust v. Videotape Computers Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). Federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests firmly on the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Because Plaintiff filed this action in the federal court under 28 U.S.C. 1332 – as opposed to having the case removed from state court – Plaintiff bears the burden of establishing that complete diversity exists and that the amount in controversy exceeds $75,000. Id.  A dismissal for lack of jurisdictional amount is proper if it is legally impossible for a plaintiff to recover sufficient damages based on the theory alleged in the complaint. To justify such dismissal, "it must appear to a legal certainty that the claim is really for less then the jurisdictional amount..." St. Paul Mercury, 303 U.S. at 288-89. However, a speculative argument as to the amount in controversy is insufficient. See Gaus v. Miles, 980 F.2d 564, 567 (9th Cir. 1992).

In this case, Plaintiff has not specified the exact amount of damages sought. However, one of the prayers for relief is for "rescission of the loan contract." (Compl. at 4). Yet, Plaintiff has

2

1  failed to assert the value of her vehicle under the contract and has
2  paid only $8,849.28 for the vehicle to date. If the contract is
3  rescinded, Plaintiff would only be entitled to twice the amount she had
4  paid on the contract pursuant to the civil penalty sought (amounting to
5  $17,698.56) plus the minor incidental damages alleged.
6      The only other prayer for relief worth consideration is that for
7  attorney's fees. If attorney fees are recoverable by Plaintiff (by
8  statute or contract), the fee claim is included in determining the
9  amount in controversy, regardless of whether the fee is mandatory or
10 discretionary. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th
11 Cir. 1998). However, when estimating attorney's fees for inclusion in
12 the amount in controversy, such fees cannot be overly speculative.
13 Conrad Assocs. v. Hartford Acc. & Indem. Co., 994 F. Supp. 1196, 1200
14 (N.D. Cal. 1998) (finding that defendant's estimation of attorney's
15 fees at $20,000 was too speculative to meet their burden of proving the
16 amount in controversy by a preponderance of the evidence); Faulkner v.
17 Astro-Med, Inc., 1999 U.S. Dist. LEXIS 15801, 1999 WL 820198 (N.D. Cal.
18 1999). Here, even if Plaintiff were to receive the maximum civil
19 penalty damages award of $17,698.56, she would still fall short of the
20 amount in controversy requirement by $57,301.45. Plaintiff's attorney's
21 fees and incidental damages are unlikely to make up for this
22 difference.
23 //
24 //
25 //
26 //
27 //
28

1 | **III.   CONCLUSION**
2 |      Plaintiff has failed to adequately allege that the amount in
3 | controversy exceeds the requisite $75,000 threshold. Therefore this
4 | Court lacks subject matter jurisdiction and DISMISSES THE CASE WITHOUT
5 | PREJUDICE.
6 |      IT IS SO ORDERED.
7 |
8 |
9 | DATED:       February 17, 2011                  _____
10 |                                                  STEPHEN V. WILSON
11 |                                                UNITED STATES DISTRICT JUDGE